UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-61973-CIV-UNGARO/SIMONTON

**SUSAN M. WILSON and**
**TIMOTHY WILSON,**

      Plaintiffs,
v.

**MACO CARIBE, INC., et al.,**

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant Maco Caribe's Motion for Sanctions (DE # 136). The Motion has been fully briefed (DE ## 137, 138, 140) and the Honorable Ursula Ungaro has referred the Motion to the undersigned Magistrate Judge (DE # 139). For the reasons stated below, the undersigned recommends that the Motion be denied.

    I.    **BACKGROUND**

This matter was initiated when Plaintiffs Susan M. Wilson and Timothy Wilson filed a Complaint against various Defendants including MACO CARIBE, INC., doing business under the fictitious name SCUBA CARIBE ("Maco") and SCUBA CARIBE, seeking compensatory and punitive damages arising from a boating/scuba diving accident that occurred on Mach 5, 2007 in Playa del Carmen, Mexico (DE # 1). According to the Complaint, after purchasing and participating in a scuba diving excursion, Plaintiff Susan Wilson suffered serious and permanent injuries when she surfaced from a dive and was struck by the propeller of a boat. The Complaint further alleged that Plaintiffs

are residents of the State of New York and Defendant Maco, which owns and operates a business named "Scuba Caribe," is registered to do business in Florida, and has its principal place of business in Weston, Florida (DE # 1 at 2-3). In the Third Amended Complaint, Plaintiffs alleged Negligence (Count I), Negligent Misrepresentation (Count II), and Vicarious Liability (Count III) against Defendants Scuba Caribe and Maco Caribe (DE # 53-1).

Near the close of discovery, on January 11, 2011, Maco moved for summary judgment on the grounds that it owed no duty to Plaintiffs and that it could not be held liable for the acts of third parties (DE # 128). Specifically, Maco asserted that although Maco is in the business of purchasing and shipping scuba equipment and boat engines on behalf of various corporate entities operating under the trade name "Scuba Caribe" in Mexico, that it did not have any involvement in the day-to-day operations of the corporate trade name of "Scuba Caribe" in Mexico (DE # 128 at 2). Maco also denied that it had any involvement in the scuba accident at issue, sold the diving excursion to the Plaintiffs or otherwise communicated with Plaintiffs prior to the accident. In addition, Maco denied that it ever conducted business under the name of Scuba Caribe in Mexico.

On January 26, 2011, prior to the due date for Plaintiffs' response to Defendant's Motion for Summary Judgment, the Parties filed a Stipulation of Dismissal dismissing all causes of action with prejudice against Defendant Maco Caribe, Inc., d/b/a Scuba Caribe, with each party to bear its own attorney's fees and costs (DE # 129). On January 31, 2011, the Court denied Maco's Motion for Summary Judgment as moot and dismissed the claims against Maco with prejudice (DE # 132).

II.     **MOTION FOR SANCTIONS**

Defendant Maco has filed the instant Motion requesting that sanctions, in the form of taxable costs, be assessed against Plaintiffs' counsel, pursuant to 28 U.S.C. § 1927 (DE # 136).  Defendant Maco contends that after settlement negotiations, Plaintiffs and Maco entered into a written Stipulation of Dismissal and the Court dismissed the case against Maco.  The Defendant asserts that notwithstanding the agreement between the Parties to dismiss the case, Plaintiffs filed a second lawsuit against Maco in Broward County Circuit Court arising from the same incident at issue in this case.

The Defendant asserts that sanctions under § 1927 are therefore appropriate against Plaintiffs' Counsel for costs incurred by Maco from the inception of this law suit because Plaintiffs' Counsel unreasonably and vexatiously multiplied the proceedings by failing to inform the Defendant that Plaintiffs intended to file a lawsuit in a different court (DE # 136 at 6).  Maco states that if it had known Plaintiffs' intentions, that Maco would have proceeded to pursue its summary judgment motion in this case, and, "if necessary, proceeded to trial before this Court."  Thus, Maco alleges that Plaintiffs' Counsel engaged in deceitful tactics designed to bypass the process of this Court and to annoy and harass Maco with further litigation.

In addition, Defendants argue that, in the alternative to imposing sanctions against Plaintiffs' Counsel pursuant to § 1927, that the Court should award sanctions pursuant to the Court's inherent authority in order to ensure the integrity of the Court and prevent abuses of the judicial process.

In response, Plaintiffs assert that when they filed their original Complaint, they had a good faith basis to believe that Maco Caribe d/b/a Scuba Caribe owned, operated and/or controlled Scuba Caribe in Playa del Carmen, Mexico.  Plaintiffs contend that near

the close of discovery, Plaintiffs began settlement negotiations with Maco and significantly reduced their settlement demand.  However, Maco countered by making any settlement contingent upon Plaintiffs dismissing their claims with prejudice against both Maco Caribe and Scuba Caribe (DE # 138).  Plaintiffs agreed to settle their claims with Maco Caribe by discontinuing their claims in this action (DE # 138 at 6).  Plaintiffs contend that they never indicated that they would not continue to pursue claims against Scuba Caribe or other claims against Maco and thus only provided Maco with a release from the claims in the instant action rather than a general release (DE # 138 at 3).

Plaintiffs contend that at the time of dismissal of this case, Plaintiffs still had a valid and timely state law claim against Maco.  Further, Plaintiffs contend that one of the causes of action against Maco in the state action seeks to pierce Maco's corporate veil and alleges that Maco is an alter ego and sham corporation of Scuba Caribe.  Plaintiffs assert that this cause of action is separate cause of action than those related to the negligence claims raised in the federal court action.

In addition, Plaintiffs assert that they actually shortened these proceeding by dismissing the action against Maco and points out that after the Parties reached an agreement, Plaintiffs cancelled the scheduled depositions.  Plaintiffs therefore contend that they did not engage in bad faith and did not delay or multiply the proceedings in the instant action, and thus should not be sanctioned by the Court.

### III. LAW & ANALYSIS

#### A. Section 1927 Sanctions

Pursuant to 28 U.S.C. § 1927, federal courts may require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because

of such conduct." The provisions of § 1927 are strictly construed. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997) (*citing Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382 (5th Cir. 1979)).

Section 1927 is not a "catch-all" provision for sanctioning objectionable conduct by counsel. *Peterson,* 124 F.3d at 1396. Rather, to justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001). In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings. *Peterson* at 1396. As such, objectionable conduct – even "unreasonable and vexatious" conduct – is not sanctionable unless it results in proceedings that would not have been conducted otherwise. *Id*.

In addition, for sanctions under section 1927 to be appropriate, something more than a lack of merit is required. *Id*. at 1129. Section 1927 is intended to sanction attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (*quoting Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)); *accord Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).

In the matter at bar, the Defendant has failed to demonstrate that the requirements of § 1927 are present, and thus sanctions pursuant to that section are not appropriate. In particular, the Defendant has failed to demonstrate that Plaintiffs' Counsel's conduct *in this action* was either unreasonable or vexatious. Rather, the Defendant predicates its request for sanctions on Plaintiffs' purported improper filing of

the State Court action. In its Motion and Reply, Defendant merely argues that the action filed in the State Court raises the same causes of action as those raised in the instant action and asserts that "splitting causes of action" is impermissible (DE # 140 at 3-4). In addition, Defendant asserts that res judicata bars the Plaintiffs' claims in State Court. Thus, Defendant fails to point to any action taken by Plaintiffs' Counsel in this Federal Court action which supports a finding that Plaintiffs' Counsel acted unreasonably or vexatiously in these proceedings. To the extent that Defendant argues that the State Court action is not valid, relief must be sought from that Court and not in the form of sanctions from this Court. The Defendant has not cited to any case law or statute that provides for the imposition of sanctions by this Court against an attorney for filing a separate action in state court subsequent to a dismissal from a federal court.[1]

      Similarly, Defendant has not pointed to any action taken by Plaintiffs' Counsel that demonstrates that Plaintiffs' Counsel unnecessarily multiplied these proceedings. On the contrary, it is undisputed that Plaintiffs cancelled the remaining scheduled depositions once Plaintiffs agreed to dismiss Maco. In fact, in the Motion, Defendant complains that Plaintiffs' Counsel unilaterally cancelled the depositions when Plaintiffs decided to dismiss Maco (DE # 136 at 2). Clearly such actions did not multiply the proceedings. As to Defendant's contention that Maco should have been dismissed from the action earlier, the process of discovery is designed for parties to ascertain the strength and weaknesses of their cases and to assess whether facts support their claims. There is no evidence in the record and the Defendant has not asserted that Plaintiffs' Counsel conducted unnecessary discovery or otherwise engaged in

---

[1] The undersigned notes that Defendant has not sought relief based upon Plaintiffs' alleged breach of the settlement agreement.

unnecessary motion practice. As such, the Defendants has failed to establish that the Plaintiffs' Counsel improperly multiplied these proceedings, and sanctions under § 1927 are not appropriate.

### B. The Court's Inherent Power to Award Sanctions

As stated above, Defendant requests that in the alternative to finding Plaintiffs' conduct sanctionable under § 1927, the Court should find that sanctions against the Plaintiffs are appropriate pursuant to the Court's inherent power to sanction.

At the outset, the undersigned notes that while the rules and statutes permitting the imposition of sanctions may only reach certain individuals or conduct, "the inherent power extends to a full range of litigation abuses" and "exist[s] to fill in the interstices." *Peer v. Lewis,* 606 F. 3d 1306, 1314 (11th Cir. 2010). Thus, the inherent power of a court "'can be invoked even if procedural rules exist which sanction the same conduct,' for these rules are not substitutes for the inherent power." *Id.* citing *Glatter v. Mroz* (In re Mroz), 65 F.3d 1567, 1575 (11th Cir.1995) (citation omitted). *See also Spolter v. Suntrust Bank*, Nos. 10-10441, 10-10445, 10-10446 and 10-10449, 2010 WL 4608772, slip op. at 2 (11th Cir. Nov. 16, 2010). Moreover, if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power to sanction bad faith conduct in the course of litigation. *Id.* (citations omitted). However, with respect to requests for sanctions against attorneys, the Eleventh Circuit Court of Appeals has observed that "a district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under inherent powers." *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). Therefore, if sanctions are permissible under section 1927, then sanctions are proper, and there is no

need to examine whether sanctions are also permissible under the Court's inherent authority. *Id.*  Alternatively, "sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers." *Id.* at 1252.

Thus, since the undersigned has determined that sanctions are not appropriate under § 1927, they are also not appropriate under the court's inherent power.  Aside from this, however, even if the complained of conduct is viewed as outside the scope of § 1927, and thus properly the subject for consideration under the court's inherent authority, sanctions are not appropriate in the case at bar.

As stated above, the court has the inherent power to impose sanctions against an attorney or party for bad-faith, vexatious, wanton, or oppressive conduct. *Wachovia Bank v. Tien*, 406 Fed. Appx. 378, 382 (11th Cir. 2010) (citations omitted).  A finding of bad faith is warranted where the individual knowingly or recklessly raises a frivolous argument, argues a claim for the purpose of harassing an opponent, delays or disrupts the litigation, or hampers enforcement of a court order. *Id*.  The district court must do more than conclude that the individual acted in bad faith. *Id*. at 1123. Rather, it must make specific findings as to the individual's conduct that warranted sanctions. *Id.* The court's inquiry should focus primarily on the individual's conduct and motive, rather than the validity of the case. *Id. (citing Rothenberg v. Sec. Mgmt. Co.*, 736 F.2d 1470, 1472 (11th Cir. 1984).

Defendants herein have not pointed to any conduct by Plaintiffs' Counsel in litigating this action which indicates that the Plaintiffs' Counsel knowingly or recklessly raised a frivolous argument, argued a claim for the purpose of harassing an opponent, delayed or disrupted the litigation, or hampered enforcement of a court order. Indeed, Defendant does not assert that Plaintiffs' claims against the Defendant were frivolous or

made in bad faith and Defendant has not sought Rule 11 sanctions against the Plaintiffs'

Counsel in this action. Thus, again, it appears that Defendant only complains that the

Plaintiffs should not have filed a subsequent action in State Court.  Such conduct does

not provide a basis for the Court imposing sanctions under its inherent powers in this

case, and thus Defendant is not entitled to relief on this ground either. [2]  If indeed filing

the action in State Court action merits sanctions, that court can fashion an appropriate

remedy.

   IV.    CONCLUSION

   Therefore, based upon a review of the record as a whole, it is hereby

   **RECOMMENDED** that Defendant's Motion for Sanctions Against Plaintiffs'

Counsel (DE # 136) be **DENIED**.

   The parties will have fourteen days from the date of this Order within which

to file written objections, if any, for consideration by the United States District Judge to

whom this case is assigned.  Failure to file objections timely shall bar the parties from

attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d

---

   [2] The undersigned notes that in the Motion for Sanctions, the Defendant makes reference to Federal Rules of Civil Procedure 41 (d) and 54 (d) but does not request an award of fees as a prevailing party pursuant to those sections.  Rather, the Defendant only seeks an award in the form of sanctions (DE # 136 at 6).  The undersigned therefore does not address the issue of whether Defendant is a prevailing party in this action. However, it is worth noting that the Stipulation of Dismissal signed by both Parties provides that each party shall bear its own attorneys' fees and costs (DE # 129).

745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida on July 6, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record